# IN THE COURT OF APPEALS OF IOWA

No. 20-1001
Filed November 30, 2020

**IN THE INTEREST OF D.D. and E.D.,**
**Minor Children,**

**K.D., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Clay County, Andrew Smith, District

Associate Judge.


        A father appeals the termination of his parental rights to his children.

**AFFIRMED.**



        Bethany Brands, Spirit Lake, for appellant father.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Shawna L. Ditsworth, Spirit Lake, attorney and guardian ad litem for minor

children.



        Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to his children, born in 2007 and 2008. He contends (1) the State failed to prove the grounds for termination cited by the district court; (2) termination was not in the children's best interests; (3) the district court should have invoked certain exceptions to termination; (4) the district court should have granted him six additional months to obtain a custody modification order and (5) the district court violated the Equal Protection Clauses of the United States and Iowa Constitutions.

The district court terminated the father's parental rights pursuant to several provisions. We may affirm if we find clear and convincing evidence to support any of the grounds. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We will focus on Iowa Code section 232.116(1)(f) (2020), which requires proof of several elements, including proof the children cannot be returned to parental custody.

The mother and father of the children divorced in 2016. Under a stipulation approved by the dissolution court, the parents agreed to joint legal custody and "shared physical care" of the children. Several years later, the department of human services investigated "[m]ethamphetamine use by [the father]." The father tested positive for the drug as did the mother. The district court ordered the children's removal from parental care in early 2019. They were later returned to the mother's custody. Meanwhile, the father continued to test positive for methamphetamine, most recently about two months before the termination hearing. The department social worker assigned to the case testified the "case started" based on concerns of "known drug users" and "drug use" in the home and those concerns remained on the eve of termination. The father admitted using

methamphetamine in the month the termination petition was filed.  When asked if the children could be returned to his care, he responded, "Probably not right away, before I take a little more supervision and let me work on my recovery a little more . . . ."  On our de novo review, we conclude the State proved the children could not be returned to parental custody as set forth in Iowa Code section 232.116(1)(f).

We turn to whether termination was in the children's best interests.  *See* Iowa Code § 232.116(2).  The department's goal had been to transition the father from supervised visits with the children to semi-supervised visits and ultimately to the physical-care arrangement set forth in "the original district court decree."  But the father's repeated positive drug tests prevented implementation of that goal. The department social worker noted that twenty-one months had elapsed since the case began "and the children still [could not] be left unsupervised with" their father and "[t]hey still [could not] do overnight visits."  He testified one of the children was "petrified" at the prospect of being returned to his father's care and both children "consistently" told their attorney "that they would feel unsafe . . . having unsupervised contact with their father."  He stated, "I don't know how much longer we can drag this on with the children, because it does bother them and it does affect them."  He felt "strongly" that termination of the father's parental rights was in the children's best interests.  A service provider confirmed that the father's participation in services was "very inconsistent."  And the father's substance-abuse counselor anticipated that the father would not be discharged from substance-abuse treatment for "several months more, perhaps through the rest of the year." Finally, as noted, the father recognized he was not in a position to have the children

returned to his custody. He also conceded his association with other drug users posed a safety risk to the children. On our de novo review, we agree with the district court that termination of the father's parental rights was in the children's best interests.

The father next contends the district court should have declined to terminate parental rights based on the fact that the mother had custody of the children and based on his bond with them. *See id.* § 232.116(3) (a), (c). The guardian ad litem acknowledged a relative had custody but stated the father's "addiction and the lack of boundaries . . . would create ongoing safety concerns and emotional harm for the children if he were to retain his parental rights." She cited the concern expressed by the children when family members supervised visits, a concern seconded by the department social worker, who noted the father pushed boundaries during visits supervised by individuals other than the service provider. As for the father's bond with the children, we have discussed their fear of returning to their father's custody. Additionally, the guardian ad litem stated:

> Clearly [the father] loves his children and clearly they have been a motivating factor for him. No one has ever doubted that. But unfortunately due to [the father's] actions over the last couple of years, that has harmed the children's relationship and bond with him. And I don't believe that [the bond] is so strong at the present time that that should be a reason not to terminate [the father's] parental rights.

On our de novo review, we conclude the district court appropriately denied the permissive exceptions to termination.

The father also argues the district court should have granted additional time to obtain a custody modification order. *See id.* § 232.104(2)(b) (authorizing entry of an "order . . . to continue placement of the child for an additional six months at

which time the court shall hold a hearing to consider modification of its permanency order" and stating "[a]n order entered under this paragraph shall enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). The court found that the father's reason for wanting additional time did not align with the statutory provision. The court explained, "[T]he purpose of granting additional time is to do so when there is a legitimate expectation that the conditions which led to removal would no longer exist at the end of the additional period of time." The court found "no reason to believe that would be the case, [w]hen nearly two years of services . . . left [the father] in essentially the same position as he was following the initiation of services." On our de novo review, we agree with the court's assessment, which was supported by the department social worker's testimony that "[w]e would not be in any different position" in six months.

> Finally, the father argues
>
> [t]he juvenile court violated [his] equal protection rights under the U.S. and Iowa Constitutions when it refused to grant [him] additional time in order to complete a modification order. Further, the bridge order statute impermissibly discriminates against parents who have a prior district court order and thus violates equal protection.

Although the father raised the issue of a custody modification order and his inability to obtain a bridge order under Iowa Code section 232.103A,[1] he did not assert a

---

[1] The provision states: "The juvenile court may close a child in need of assistance case by transferring jurisdiction over the child's custody, physical care, and visitation to the district court through a bridge order . . . ." Iowa Code 232.103A(1).

constitutional violation and the district court did not address the constitutional issue. Accordingly, we conclude error was not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also In re M.D.*, 921 N.W.2d 229, 238 (Iowa 2018) (Christensen, J., concurring in part and dissenting in part) ("While the mother did move to continue and appear by telephone, she did not raise due process arguments in juvenile court or her petition for appeal.").

We affirm termination of the father's parental rights to his children.

**AFFIRMED.**